

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
NORTHEASTERN DIVISION

| | |
|---|---|
| CARLOS BEAURREGARD, MARIA OVANDO, NEFTALY BEAURREGARD, and ADIN MELENDEZ | )<br>)<br>)<br>)<br>) |
| Plaintiffs, | ) |
| v. | ) CASE NO.: 5:09-cv-00555-JEO<br>)<br>) |
| CASA FIESTA, INC., and ERICK ZAPIEN, | )<br>)<br>) |
| Defendants. | ) |

## MEMORANDUM OPINION

This is a Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq*., case in which the plaintiffs, Carlos Beaurregard, Maria Ovando, Adin Melendez, and Nefthaly Beaurregard, seek payment from their employer, defendants Casa Fiesta, Inc., and Erick Zapien (hereinafter collectively "Casa Fiesta"), for unpaid overtime wages and liquidated damages, as well as attorney's fees and costs pursuant to 29 U.S.C. §§ 207(a)(1) and 216(b). (*See* Complaint ("Compl."), Doc. 1). It is now before the court on the parties' "Joint Motion for Settlement Approval" ("Joint Mot.," Doc. 14). The parties have consented to the jurisdiction of the undersigned pursuant to 28 U.S.C. § 636(c). For the reasons that follow, the court concludes that it can and does approve the parties' settlement and grants the motion to approve the joint stipulation of dismissal.

## DISCUSSION

Plaintiff Carlos Beaurregard alleges that he worked as many as 750 overtime hours during

a 30-week period that he was employed as a waiter by Casa Fiesta,[1] but was not paid overtime wages, as required under the FLSA, *see* 29 U.S.C. § 207. (Barber Aff. at ¶ 7).[2] Based upon Mr. Beaurregard's average salary of $2.15 per hour, the parties estimate that the maximum he would be entitled to, including unpaid wages and liquidated damages, would be $7,000.00.[3] Mr. Beaurregard is receiving $4,336.24 in this settlement, based upon his desire to receive his money more quickly and to avoid the uncertainty of trial. (Barber Aff. at ¶ 7).

Plaintiff Maria Ovando alleges that she also worked as many as 750 overtime hours during a 30-week period that she was employed as a waiter or cashier by Casa Fiesta, but that she was not paid overtime wages, as required under the FLSA. (Barber Aff. at ¶ 8). Based upon Ms. Ovando's salary of approximately $2.15 - $4.50 per hour (depending on whether she served as a waiter or cashier), the parties estimate that the maximum she would be entitled to, including unpaid wages and liquidated damages, would be $ 7,775.00. Ms. Ovando is receiving $4,852.25 in this settlement, based upon her desire to receive her money more quickly and to avoid the uncertainty of a trial. (Barber Aff. at ¶ 8).

Plaintiff Adin Melendez alleges that he worked as many as 1800 overtime hours during a 60-week period that he was employed as a busboy, waiter, and an assistant manager by Casa Fiesta, but that he was not paid overtime hours, as required under the FLSA. (Barber Aff. at ¶ 9). Based upon Mr. Melendez' salary of approximately $2.15 - $8.00 per hour (depending on

---

[1] The parties represent that the defendant did not keep time records. As such, the amount of overtime worked can only be approximated.

[2] In support of the Joint Motion, the parties offered the affidavits of the plaintiffs' attorney, Robert Barber, and the defendants' attorney, Doug Kauffman. Barber's affidavit is located at document 16 in the court's electronic record of the case and Kauffman's affidavit is located at document 17-1.

[3] On the calculation of all the plaintiffs' unpaid wages, the parties assume that the defendants' would be entitled to the benefit of the "tip credit."

whether he served as busboy, waiter, or assistant manager), the parties estimate that the maximum he would be entitled to for both unpaid wages and liquidated damages is approximately $12,000.00.  Mr. Melendez is receiving $7,475.28 in this settlement, based upon his desire to receive his money more quickly and to avoid the uncertainty of trial.  (Barber Aff. at ¶ 9).

Plaintiff Nefthaly Beaurregard alleges that he worked as many as 900 overtime hours during the 30-week period that he was employed as a waiter by Casa Fiesta, but was not paid overtime hours, as required by the FLSA.  (Barber Aff. at ¶ 10).   Based upon his approximate salary of $2.15 per hour, the parties estimate that the maximum he would be entitled to, including unpaid wages and liquidated damages, is $7,000.00.  Mr. Beaurregard is receiving $4,336.24 in this settlement, based upon his desire to receive his money more quickly and to avoid the uncertainty of trial.  (Barber Aff. at ¶ 10).

The FLSA provides that employees are generally entitled to receive overtime pay at one and one-half times their regular rate for all hours worked in excess of 40 per week.  *See* 29 U.S.C. § 207(a)(1).  An employer who violates the FLSA is liable to its employee for both unpaid overtime compensation and for an equal amount in liquidated damages.  29 U.S.C. § 216(b).  In an action to recover unpaid overtime compensation, a court is further required to award a prevailing plaintiff a reasonable attorney's fee and costs of the action.

In *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1355 (11th Cir. 1982), the court stated that "there is only one context in which compromises of FLSA back wage or liquidated damage claims may be allowed: a stipulated judgment entered by a court which has determined that a settlement proposed by an employer and employees, in a suit brought by the

employees under the FLSA, is a fair and reasonable resolution of a bona fide dispute over FLSA provisions." The primary focus of a court's inquiry in determining whether to approve an FLSA settlement is to ensure that an employer does not take advantage of its employees in settling their claim for wages and other damages due under the statute. *Collins v. Sanderson Farms, Inc.*, 568 F. Supp. 714, 719 (E.D. La. 2008). Therefore, the court requested that the parties provide information concerning the number of hours worked by each plaintiff, including overtime hours and the number of hours for which each plaintiff was allegedly paid less than minimum wage,[4] as well as whether any disputed factual or legal issues exist.

The parties filed their Joint Motion, in which they addressed the areas listed above. Premised thereon, the court finds that during the relevant period, the plaintiffs unpaid overtime wages are as set out above. The affidavits in support of the Joint Motion further demonstrate that several legitimate disputes exist, including: (1) whether the defendants failed to pay due overtime compensation; (2) the plaintiffs' work schedule and average hours worked per week; (3) whether defendant Zapien exercised enough control over the plaintiffs' working hours to be considered an "employer" under the FLSA; and (5) whether the defendants withheld a certain percentage of pay from tips earned by the plaintiffs. (Kauffman Aff. at ¶ 3).

The settlement amount of $35,000.00 includes appropriate amounts for the disputed overtime pay. (Doc. 14-1). Also included is the agreed-upon attorney's fee, which the court finds to be reasonable.

---

[4] The court also requested information regarding the plaintiff's claims that the defendant improperly deducted one percent from their paychecks. In response, the plaintiffs represent that damages related to this claim were too speculative to quantify for the purposes of negotiating a settlement.

## CONCLUSION

Premised on the foregoing, the court finds the compromised settlement of this matter to be fair and reasonable under the circumstances as to each plaintiff. Accordingly, the settlement is due to be approved and this matter dismissed with prejudice.

**DONE** this 2nd day of April, 2010.

_____
**JOHN E. OTT**
United States Magistrate Judge